condition calling for formal proofs of loss. Allen v. Insurance Co., supra; Vance on Insurance, § 585; Clement on Insurance, p. 278; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350, 21 Am. St. Rep. 611; Insurance Co. v. Matthews, 65 Miss. 314, 4 South. 62; Insurance Co. v. Sorsby, 60 Miss. 313. It follows that the plaintiff neither pleaded nor proved facts establishing a waiver by the defendant. The judgment must consequently be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

(48 Misc. Rep. 633)

### McCARTHY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 13, 1905.)

APPEAL—RECORD—TIME TO FILE AND SERVE RETURN—EXTENSIONS—AUTHORITY OF APPELLATE COURT.

Rules for the Hearing of Appeals from the City and Municipal Courts No. 3, which provides that, if appellant shall not cause the return to be filed with the clerk of the Appellate Term and print and serve copies on the attorney of respondent within 10 days after the settlement of the case on appeal, the appeal on motion of the respondent shall be dismissed, unless the time to cause the return to be filed and copies thereof to be printed and served be extended for good cause shown by the justices assigned to hear the appeal, imposes on an appellant who has not within the time fixed filed the return and served copies thereof the duty of moving for the opening of his default and the procurement of an extension of time in the Appellate Term on good cause shown, or the appeal on motion will be dismissed, unless the appellant on such motion excuses his default.

Appeal from City Court of New York, Special Term.

Action by Minnie McCarthy against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Motion to dismiss appeal conditionally granted.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry A. Robinson, for appellant.
Steuer & Hoffman, for respondent.

SCOTT, P. J. This is a motion to dismiss an appeal taken from a judgment of the City Court for failure to make and serve the printed case. The case on appeal was settled on the 27th day of September, 1905. The appellant's time in which to print and serve the papers was extended from time to time by stipulation with the plaintiff's attorneys, the last time until October 28, 1905. The case not having then been served, the respondent on November 1st served a notice of motion asking for a dismissal of the appeal. This motion was made returnable upon the first day of the present term, November 6, 1905. On November 3, 1905, the appellant applied ex parte for and obtained an order from one of the justices of the City Court extending the time of the defendant to serve his case upon appeal nunc pro tunc as of October 28, 1905, until November 13, 1905, and upon the hearing of this motion hands up said order as one of the reasons why such motion should not be granted.

We think the defendant is mistaken in his practice. Rule 41 of the general rules of practice provides that the party whose duty it is to furnish the record upon an appeal shall cause a printed copy of the papers to be filed, etc., and that "if the appellant fails to file and serve the papers as aforesaid the respondent may move to dismiss the appeal." Further than this it does not go. Under this rule the Appellate Division has declared that upon a motion made in that court to dismiss an appeal for failure to serve a case, and it appearing that the appellant is in default in that respect, such motion will be granted, and that no extension of time to file and serve the case will be given in that court, and that such extension, if desired, must be applied for and obtained in the lower court. The reading of rule 41, however, is somewhat different than rule 3 of the Rules for the Hearing of Appeals from the City and Municipal Courts, which rule was made by the Appellate Division and governs the practice in the Appellate Term. Rule 3 declares that in appeals from the City Court, in case the appellant shall not cause the return to be filed with the clerk of the Appellate Term and print and serve three copies thereof upon the attorney for the respondent within 10 days "after the settlement of the case on appeal, the respondent may move," etc., "and the appeal shall be dismissed, unless the time of the appellant to cause such return to be filed and copies thereof to be printed and served be extended by the justices assigned to hear such appeal, or one of them, for good cause shown." This phraseology would seem to make it incumbent upon the appellant, when thus in default, to move to open his default and procure an extension of time in the Appellate Term, or from one of the justices then sitting therein, upon "good cause shown," or upon a motion made by the respondent for that purpose "the appeal shall be dismissed," unless the appellant upon such motion excuses his failure to comply with the rule. The defendant herein was in default; the stipulated time having expired on October 28, 1905. The order obtained in the City Court is of no force and effect in this court. Sufficient reasons exist, as shown by the affidavits filed upon this motion, why the defendant should be relieved from the situation.

The default may be opened, upon payment of $10 costs therefor and $10 costs of this motion, and filing and serving the printed papers upon appeal within 10 days; otherwise, this motion is granted, with costs. All concur.