## SHUBERT THEATRICAL CO. v. ZIEGFELD.

### (Supreme Court, Appellate Term.   January 10, 1908.)

APPEAL AND ERROR (§ 778*)—MOTION TO DISMISS—JURISDICTION.

Rule 3 of the Appellate Division, governing appeals to the Appellate Term from the City and Municipal Courts, provides that if the appellant fails to file the return in the Appellate Term, and print and serve the same on the attorneys for the respondent, within 10 days after the settlement of the case on appeal, the respondent may move to dismiss the appeal.   General rules of practice No. 33 provides that, if a party shall omit to make a case within the time limited by rule 32, he shall be deemed to have waived his appeal.   Rule 35 provides that where a party makes a case and fails to procure the signature of the judge or referee thereto, and to file the same within 10 days after settlement, his appeal shall be deemed abandoned unless the time for the doing of such acts is extended by order of the court.   *Held*, that such rules give the trial court power to declare an appeal abandoned, and, while an order declaring an appeal abandoned could not preclude appellant from prosecuting the appeal on the judgment roll, a motion to dismiss for failure to make and serve the case on appeal must be made in the trial court, and not in the Appellate Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3111–3114; Dec. Dig. § 778.*]

Action by the Shubert Theatrical Company against one Ziegfeld. From a judgment for plaintiff, defendant appeals. Motion to dismiss appeal overruled.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Leon Laski, for appellant.

William Klein, for respondent.

GILDERSLEEVE, P. J.   This is a motion made to dismiss an appeal for failure on the part of the appellant to make and serve a case on appeal from a judgment of the City Court.   It appears from the moving papers that a judgment was rendered herein in favor of the plaintiff on May 20, 1907.   The defendant appealed on May 27, 1907, and on September 21, 1907, served his proposed case.   On November 2, 1907, the plaintiff served proposed amendments, and since that time nothing has been done in the way of having the case settled or filed, and the plaintiff applies to this court to have the appeal dismissed upon that ground.

The only authority given this court to dismiss appeals from the City Court, except such as it may have by reason of its inherent powers, is conferred by rule 3 of the rules for the hearing of appeals from the City Court and from the Municipal Court, made by the Appellate Division, governing the practice in the Appellate Term.   That rule provides that:

"In case the appellant does not cause the return to be filed with the clerk of the Appellate Term and print and serve three copies thereof upon the attorney for the respondent   *   *   *   within ten days after the settlement of the case on appeal   *   *   *   the respondent may move," etc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

113 N.Y.S.—51

It would seem, therefore, that the proper practice would be that any motion to be made respecting the case prior to its settlement by the trial judge should be made in the lower court and not in this court. Rule 33 of the general rules of practice declares that, "if a party shall omit to make a case within the time, above limited [see rule 32], he shall be deemed to have waived his right thereto," etc., and this is equivalent to an abandonment of the appeal (Fromme v. Poerschke [Sup.] 95 N. Y. Supp. 525); and rule 35 provides that "where a party makes a case * * * he shall procure the same to be signed by the judge or referee and filed within ten days after it shall have been settled or it shall be deemed abandoned, unless the time is extended by order." These rules give the court below power in proper cases to grant an order declaring an appeal abandoned. Such an order would not preclude the appellant from prosecuting the appeal upon the judgment roll alone; but, if then he failed to serve the printed papers necessary for the prosecution of the appeal, the respondent could move for its dismissal. True v. Sibley, 61 N. Y. St. Rep. 200, 29 N. Y. Supp. 704.

It follows that the motion in this case must be dismissed. All concur.