### BAYLOR v. LEVY.

(Supreme Court, Appellate Term.   October 19, 1908.)

APPEAL AND ERROR (§ 571*)—ABANDONMENT—RELIEF AGAINST ORDER—JURISDICTION OF APPELLATE TERM.

Where defendant, appealing from a judgment of the City Court, obtains the settlement of his case, but fails to secure the signature of the trial justice thereon, his proper practice is to ask for an extension of time for filing his case; and, where the trial justice enters an order declaring the appeal abandoned under general rules of practice No. 35, a motion will not lie in the Appellate Term to open his default in having failed to file and serve his printed case.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 571.*]

Action by one Baylor against one Levy. From a judgment for plaintiff, defendant appeals. Motion to open default in failing to file and serve a printed case denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Wilkenfeld & Bitterman, for the motion.
Fixman & Lewis, opposed.

PER CURIAM. The appellant moves in this court for an order opening his default in having failed to file and serve the printed case upon an appeal taken by him from a judgment of the City Court, and also for "such other and further relief," etc., which he evidently intends shall include permission to file and serve the same. The various steps taken in the action, after the plaintiff obtained his judgment, seem to be as follows:

The defendant duly served his notice of appeal from the judgment, which was entered on May 20, 1908. He caused to be served upon the respondent's attorneys a proposed case upon appeal, to which

---

amendments were proposed by the plaintiff's attorneys, and on September 3, 1908, a notice appeared in the Law Journal, under the title of this case, which contained these words: "Case settled. Present printed copy for signature and filing." It does not appear that the trial justice indorsed upon the case any direction in reference thereto, although both parties appear to concede that the case was "settled." No printed case having been presented to the trial justice for signature, and the same not having been filed, as required by rule 35 of the general rules of practice, an order was made on September 3, 1908, by a justice of the City Court, declaring the appeal abandoned. On September 4, 1908, the appellant obtained an order to show cause why the order declaring the appeal abandoned should not be vacated, and upon a hearing of this motion it was denied, and on September 10, 1908, an order to that effect was entered in the office of the clerk of the City Court. On the same day the defendant obtained an order to show cause why an order should not be made relieving him from his default and reinstating the appeal. This motion was denied, and an order entered in the lower court to that effect on September 19, 1908. From this last named order an appeal has been taken to this court by the defendant.

The appellant now makes a motion in this court for substantially the relief as asked for by him in the City Court, and which was denied therein. The appellant claims that the order declaring the appeal abandoned is unauthorized and in violation of the decision of this court made in the case of McCarthy v. Met. St. Ry., 48 Misc. Rep. 633, 96 N. Y. Supp. 139. The decision in that case simply holds that, after a case is "settled" in the lower court, a motion made to dismiss the appeal for failure to serve the printed papers should be made in the Appellate Term, where the appeal may be dismissed for such failure or the appellant's time extended. After a case is "settled" by the trial justice, it must be "signed" by such justice, and the party making the case must cause this to be done and the case to be filed within ten days after it is settled, or it shall be deemed abandoned unless extended by order. Rule 35, General Rules of Practice. The decision in McCarthy v. Met. St. Ry., supra, in no way abridges the right of the respondent to move in the lower court upon the failure of the appellant to comply with the foregoing rule, and this court substantially so held in the case of Shubert Theatrical Co. v. Ziegfeld, 113 N. Y. Supp. 801. If the appellant was unable to procure the case on appeal to be signed and filed within 10 days, application to have his time to do so extended would have been his proper practice, and, not having done so, the respondent had a right to ask for an order under such rule. While this court undoubtedly has a right to relieve an appellant from his default in failing to make and serve a case, after the same has been settled, it ought not to exercise that right under the circumstances disclosed herein. Upon the hearing of the appeal taken by the defendant appellant herein from the order denying his motion in the lower court to open his default and reinstate the appeal, this court can determine whether or not the court below erred in its disposition of such motion.

Motion denied, with $10 costs. Order filed.